FILED
2009 Apr-07  AM 11:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **THOMAS VINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.          ) | **CIVIL ACTION NO.:** |
| ) | **5:08-CV-0532-VEH** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Thomas A. Vinson (hereinafter "Mr. Vinson") brings this action pursuant to 42 U.S.C. §§ 405(g) & 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), which denied his application for Supplemental Security Income (hereinafter "SSI") and Disability Insurance Benefits (hereinafter "DIB").[1] Mr. Vinson timely pursued and exhausted

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes, and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

his administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C. §§ 405(g) & 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Vinson was a 46-year-old man at the time of his hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 543). He was educated through the seventh grade. (Tr. 515–16). His past work experience includes forklift operator and cook. (Tr. 518–19). Mr. Vinson claims he became disabled on April 19, 2005, (Tr. 305), due to melanoma skin cancers, post triple bypass surgery, diabetes, rheumatoid arthritis, high blood pressure, depression, and pulmonary disease.[3] (Tr. 325, 534). His last period of work ended May 30, 2003. (Tr. 62).

Mr. Vinson filed his application for a period of disability and DIB on May 24, 2005. (Tr. 296). He also filed a Title XVI application for SSI on May 24, 2005. (Tr. 18). The claim was denied by the Commissioner on September 26, 2005. (Tr. 282).

Mr. Vinson filed a timely written request for a hearing on November 8, 2005. (Tr. 287). The hearing was held on May 15, 2007. (Tr. 549). The ALJ

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

[3] Mr. Vinson amended his onset date from May 30, 2003, to April 19, 2005, after receiving an unfavorable ruling dated April 18, 2005, on a prior application. (Tr. 305, 531).

concluded that Mr. Vinson was not disabled and denied his application on July 19, 2007. (Tr. 26).

On July 30, 2007, Mr. Vinson requested that the Appeals Council review the ALJ's decision. (Tr. 502). The Appeals Council denied this request on February 8, 2008. (Tr. 10).

Mr. Vinson filed a Complaint on March 27, 2008, which asks this court to review the ALJ's decision. (Doc. 1). This court has carefully considered the record and affirms the decision of the ALJ.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 41, 91 S. Ct. 1420, 1421, 1432, 28 L. Ed. 2d 842 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to

support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, "this court reviews *de novo* the determination regarding remand based on new evidence." *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i–v). The Commissioner must

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of 2008.

determine in sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id*.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Mr. Vinson has not engaged in substantial gainful activity since the alleged onset of his disability on April 19, 2005. (Tr. 20). He also found that Mr. Vinson's coronary artery disease with triple bypass, mild

chronic pulmonary disease, hypertension, diabetes, anxiety, depression, and borderline intellectual functioning amounted to "severe" impairments based on the requirements in Regulations 20 C.F.R. §§ 404.1520(c) & 416.920(c). (Tr. 20). The ALJ further determined that Mr. Vinson's low back and knee pain were not severe. (Tr. 20). The ALJ then held that the medically determinable impairments, in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404 Appendix 1, Subpart P, of the Social Security Regulations. (Tr. 21).

The ALJ concluded that Mr. Vinson's impairments prevent him from performing his past relevant work. (Tr. 24). The ALJ determined that Mr. Vinson retains a residual functioning capacity to perform a full range of light work.[5] (Tr. 25).

The vocational expert testified that Mr. Vinson's past work experience is characterized as "medium" work and was "semi-skilled" as performed. (Tr. 543). The ALJ then considered Mr. Vinson's capacity for light work, his age, his education, and his work experience under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (hereinafter "grids"). (Tr. 25).

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

In reliance on the grids, the ALJ concluded that Mr. Vinson was not under a disability at any time through the date of the ALJ's decision and therefore was not eligible for DIB under §§ 216(I) and 223(d) of the Social Security Act. (Tr. 25–26). Further, based on his application for SSI, Mr. Vinson was not disabled under § 1614(a)(3)(A) of the Social Security Act. (Tr. 25–26).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). The court has the "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6] Mr. Vinson asserts that the ALJ (1) failed to properly evaluate "the credibility of [Mr. Vinson's] complaints of disabling pain" and (2) "[im]properly discounted the opinions of Dr. Scherff, [Mr. Vinson's] treating physician." (Pl. Brief at 1). In its review, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standard.

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

### I.   The ALJ evaluated the credibility of Mr. Vinson's complaints of disabling pain under the appropriate legal standard, and the decision was supported by substantial evidence.

The Eleventh Circuit has summarized the legal standard to be applied when evaluating pain testimony as follows:

> To establish a disability based on testimony of pain or other subjective symptoms, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Dye [v. Barnhart],* 395 F.3d [1206,] 1210 [(11th Cir. 2005)] (citing *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991)). If the claimant testified on his subjective complaints, as [Vinson] did here, the ALJ must "articulate explicit and adequate reasons" for discrediting the claimant's allegations. *Dyer,* 395 F.3d at 1210 (quotation omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir.1995).

*Hennes v. Comm'r*, 130 Fed. Appx. 343, 347 (11th Cir. 2005).[7]

In this case, the ALJ determined that although an underlying medical condition existed, Mr. Vinson's testimony as to the severity of the pain resulting from that condition was not credible or supported by objective medical evidence. (Tr. 23). In support of this position, the ALJ noted that "the claimant told Dr. Velasquez[, his heart doctor,] he only experienced mild episodes of chest pain once

---

[7] Eleventh Circuit Rule 36-2 on unpublished opinions states: "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." U.S. Ct. of App. 11th Cir. Rule 36-2 (rule-making power authorized by Federal Rule of Appellate Procedure 47 and 28 U.S.C.§ 2071(2000)); *U.S. v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000).

or twice a month that occurred with exertion and he stated that the episodes were not severe and were relieved with rest[.]" (Tr. 23). The ALJ further explained that "the claimant's hypertension and diabetes appear[] to be controlled with no evidence of any end-organ damage." (Tr. 23).

The claimant's testimony as to his limited daily activities was rejected by the ALJ for two reasons: (1) the extensive limits claimed could not be objectively verified to a reasonable degree of certainty and (2) Mr. Vinson failed to prove causation, i.e., that the limited activity was as a result of his medical condition. (Tr. 23–24). Specifically, the ALJ noted evidence which indicated that Mr. Vinson's activities were not as limited as he claimed at the hearing. (Tr. 24). On April 17, 2006, Mr. Vinson reported mowing his grass on a riding lawn mower.[8] (Tr. 446). On March 17, 2006, Mr. Vinson reported that he had no difficulty driving.[9] (Tr. 451). Conversely, at the hearing, Mr. Vinson claimed he was no longer driving at all, (Tr. 538), and could do no yard work, (Tr. 539).

Whether one agrees with the ALJ's assessment or not, the ALJ's explanation articulates "explicit and adequate reasons" for discrediting Mr. Vinson's testimony. Consequently, this court will not second-guess the ALJ's conclusions.

---

[8] Mr. Vinson also reported that he suffered from shortness of breath after mowing, usually the day after, but did not indicate that the shortness of breath was so severe as to cause him to cease the activity. (Tr. 446).

[9] The ALJ does not specifically list driving, but apparently it is included in the "other activities" referenced with mowing by the ALJ. (Tr. 24).

## II. The ALJ evaluated the weight to be given to the treating physician's opinion under the appropriate legal standard, and the decision was supported by substantial evidence.

Under this section, two separate issues arise. First, did the ALJ give proper weight to the treating physician's opinion at the hearing stage? Second, does the new evidence of the treating physician's opinion reviewed by the Appeals Council require that the case be remanded? Each of these questions will be answered in order.

### A. The ALJ gave proper weight to the evidence of the treating physician's opinion that was available at the hearing stage.

The following standard applies when weighing a treating physician's opinion:

> The ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); see also 20 C.F.R. § 404.1527(d)(2). " '[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41 (11th Cir. 2004). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440. Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, we do not disturb the ALJ's refusal to give the opinion controlling weight. *Moore [v. Barnhart]*, 405 F.3d [1208,] 1212 [(11th. Cir. 2005)].

*Carson v. Comm'r*, 300 Fed. Appx. 741, 743 (11th Cir. 2008).

In this case, the ALJ discounted the weight given to the opinion of the treating physician, Dr. Scherff, because it was inconsistent with Dr. Scherff's own treatment records. In his assessment of Mr. Vinson's abilities on April 11, 2007, Dr. Scherff "indicated the claimant could never use his arms or legs to push or pull." (Tr. 24, 476). Dr. Scherff's treating notes for the same day, however, indicated that Mr. Vinson could in fact use his arms and legs to push and pull. (Tr. 24, 486). Furthermore, on April 17, 2006, Dr. Scherff claimed that Mr. Vinson was "totally disabled due to his underlying chronic obstructive pulmonary disease." (Tr. 21). However, in October 2006, Dr. Scherff's treatment notes indicated the disease was only moderate. (Tr. 21). In January 2007, Dr. Scherff's notes confirm that Mr. Vinson's pulmonary function test had improved. (Tr. 21, 487). These inconsistencies are sufficient for the ALJ to rely on to show good cause for discounting Dr. Scherff's opinion.

Furthermore, "[w]hile statements from treating physicians regarding the level of work a claimant can perform are important, they are not determinative" when they go to issues that the ALJ has the ultimate responsibility to assess, such as a claimant's residual functional capacity or whether he is disabled under the law. *Carson v. Comm'r*, 300 Fed. Appx. at 743 (citing 20 C.F.R. §§ 404.1513(c),

11

404.1527, 404.1545, 404.1546(c)). This court is only "concerned here with the doctor['s] evaluation[] of [the claimant's] condition and the medical consequences thereof, not [the doctor's] opinions of the legal consequences of his condition." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The determination of disability is a legal, rather than medical, determination; thus, the ALJ has the ultimate responsibility to decide it. *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987).

In this case, Mr. Vinson's primary complaint seems to be that the ALJ rejected Dr. Scherff's ultimate conclusion that Mr. Vinson is totally disabled. However, to require the ALJ to adopt the opinion of the treating physician, particularly in light of inconsistent evidence, would allow a treating physician to usurp the role of the ALJ. Interestingly, even though he was not required to do so, it appears that the ALJ still adopted the vast majority of the residual functional capacity assessments made by Dr. Scherff, and the vocational expert testified that alternative work was available for an individual with the RFC of Mr. Vinson, as determined by the ALJ.

> **B.** **The new evidence of the treating physician's opinion reviewed by the Appeals Council does not require that the case be remanded.**

Mr. Vinson bases much of his argument on the fact "the ALJ did not have the benefit of additional evidence submitted to the Appeals Council." (Pl.'s Brief at 8). Specifically, Mr. Vinson argues that the ALJ did not have the benefit of an August 16, 2007, letter from Dr. Scherff stating that he believed Mr. Vinson was totally disabled due to shortness of breath and citing a CT scan showing changes consistent with emphysema.[10] (Pl. Brief at 8–9; Tr. 504). This issue of new evidence raises the initial question of whether Mr. Vinson has procedurally preserved the issue by appealing both the denial of benefits and the refusal of the Appeals Council to review his case.

> **1.** **Did Mr. Vinson appeal the refusal of the Appeals Council to review his case?**

"[W]hen a claimant challenges the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, [the court] need not consider evidence submitted to the Appeals Council." *Ingram v. Comm'r of Social Sec. Admin.*, 496 F.3d 1253, 1265–66 (11th Cir. 2007) (explaining *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998)). In his complaint, Mr. Vinson clearly indicates that he is challenging

---

[10] Other evidence was also submitted to the Appeals Council, but because Mr. Vinson's argument focuses solely on the letter from Dr. Scherff, so will this opinion.

13

the denial of disability benefits by alleging "that the Defendant's action in finding that the Plaintiff was not disabled was erroneous[.]" (Doc. 1, ¶ 6). However, Mr. Vinson does not clearly indicate that he is challenging the denial of review by the Appeals Council. If only the denial of benefits is being challenged and not the denial of review, the additional evidence need not be considered by this court. However, because this court reaches the same result with or without evaluating the additional evidence, this opinion will assume that Mr. Vinson challenged the denial of review by the Appeals Council.

> **2.  Assuming Mr. Vinson appealed the Appeals Council's refusal of review, does the additional evidence require remand of the case?**

In *Falge v. Apfel*, the Eleventh Circuit discussed two avenues for court review of new evidence first submitted to the Appeals Council. 150 F.3d 1320, 1322 (11th Cir. 1998). First, such evidence can be considered by a court for purposes of remand pursuant to 42 U.S.C. § 405(g). *See Falge*, 150 F.3d at 1323–24. Second, if the Appeals Council refused to consider "new and material" evidence, such a refusal amounts to an error of law under 20 C.F.R. § 404.970(b), which may be reviewed by the court. *See id.* at 1324 (quoting *Keeton v. Dept. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

In this case, the Appeals Council considered the additional evidence submitted to them by Mr. Vinson (Tr. 13) but found "no reason under our rules to review the [ALJ]'s decision." (Tr. 10). That is, the Appeals Council did consider the additional material in conjunction with its decision and denied review. (Tr. 10–11). Because the Appeals Council specifically considered the additional evidence, under the *Falge* analysis there is no basis for finding an error of law under 20 C.F.R. § 404.970(b).[11] However, this does not mean that this court cannot review the additional evidence; to the contrary, the court must review the new evidence as a possible basis for remand pursuant to 42 U.S.C. § 405(g).

The standard for a remand based on additional evidence is: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001). Mr. Vinson argued that the aforementioned August 16, 2007, letter by Dr. Scherff should be considered in this case for remand and that the ALJ did not have the benefit of this evidence. This claim will be evaluated in light of the three-prong remand test for new evidence.

---

[11] Indeed, Mr. Vinson does not argue that the Appeals Council failed to consider the new evidence.

i. **New and noncumulative**

The August 16, 2007, letter does not satisfy the first prong of the remand test for new evidence because it is cumulative. The additional evidence reflects the same diagnosis and the same symptoms as the old evidence before the ALJ and does not reflect any limitations or restrictions that would affect the ALJ's findings as to Mr. Vinson's residual functional capacity. In both his April 17, 2006, and August 16, 2007, letters, Dr. Scherff states essentially the same thing. (Tr. 447, 504). To elaborate, Dr. Scherff's letter dated April 17, 2006, states that "Mr. Thomas Vinson has CT evidence of emphysema. . . . I believe that Mr. Vinson is totally disabled[.]" (Tr. 447). The additional evidence is dated August 16, 2007, and also is in the form of a letter from Dr. Scherff. (Tr. 504). The additional evidence states that Mr. Vinson's "CT scan demonstrates significant changes consistent with emphysema," and "I believe that Mr. Vinson is totally disabled." (Tr. 504). The new statement is simply a restatement of an opinion based on evidence that was before the ALJ. The additional letter does not add anything of substance, and there is no record that any post-hearing tests occurred or were submitted to support the August 16, 2007, letter.[12]

---

[12] Additional CT scans dated September 18, 2006, and October 30, 2006, were performed after the April 17, 2006, letter. (Tr. 465, 462). However, because both scans were available at the May 15, 2007, hearing, these CT scans are not new evidence, nor does Mr. Vinson argue that they are new evidence

### ii.     Materiality

The second prong of the remand test requires that the evidence be "'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result." *Vega*, 265 F.3d at 1218.  The August 16, 2007, opinion letter from Dr. Scherff is relevant because it relates to Mr. Vinson's treatment.  However, it is not probative because it would not create a reasonable possibility that the administrative finding would ultimately change. Because the August 16, 2007, letter draws the same conclusions as the April 17, 2006, letter that was available to the ALJ, there is no reasonable possibility that it would change the ALJ's decision.  Therefore, in the absence of any appreciable additional probative value, the new letter is not material.  Moreover, even if the August 16, 2007, letter indicated a worsening of Mr. Vinson's condition after the hearing before the ALJ, this evidence is not material because it does not relate back "'to the period on or before the date of the administrative law judge hearing decision.'" *Falge*, 150 F.3d at 1324 (quoting 20 C.F.R. § 404.970(b)).

### iii.    Good cause for failure to submit to the ALJ

As to the third prong of the remand test, good cause for failure to submit the August 16, 2007, letter at the administrative level does not exist. There is no reason that Mr. Vinson could not have obtained the letter prior to the hearing and

17

submitted it to the ALJ at or prior to the hearing. In fact, as mentioned above, Mr. Vinson did submit an extremely similar letter to the ALJ.

## **CONCLUSION**

In sum, this court finds that the additional evidence is cumulative. Moreover, the evidence, while relevant, is not significantly probative because it is cumulative and therefore not material. Consequently, the evidence does not sustain a reasonable possibility that it could change the administrative result. Last, this court finds that there was no good cause shown for failure to submit the additional evidence at the administrative level. This evidence is not of the type for which the case should be remanded. Accordingly, the decision is affirmed.

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and applies the proper legal standards. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 7th day of April, 2009.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge